# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

VIVIAN L. BLAIR,                :

    Plaintiff,              :

vs.                             :    CA 07-0152-CG-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                :
    Defendant.

## REPORT AND RECOMMENDATION

The Commissioner of Social Security has moved for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further administrative proceedings. (Doc. 19)

> [T]he Commissioner believes the cause should be remanded for further administrative proceedings. On remand by the Court, the Appeals Council will remand this case to an Administrative Law Judge (ALJ), who will be directed to give further consideration to Dr. Capra's opinion; evaluate the assessment completed by Nurse Donna Turner; further evaluate Plaintiff's residual functional capacity on a function-by-function basis; and determine whether Plaintiff's residual functional capacity allows her to perform her past relevant work or any other work which exists in the national economy.

(*Id.* at 1-2)

The motion to remand reveals that counsel for the defendant, Robert L.

Van Saghi, Esquire, notified plaintiff's counsel, Byron Lassiter, Esquire, of the contents of the motion and was advised by plaintiff's counsel that the plaintiff would interpose no objection to the motion to remand.  (*Id.*)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Magistrate Judge recommends that this cause be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.[1]

The attached sheet contains important information regarding objections

---

[1] Oral argument in this cause, presently scheduled for September 26, 2007 (Doc. 14), is hereby **CANCELED**.

to the report and recommendation of the Magistrate Judge.

**DONE** this the 4th day of September, 2007.

                s/WILLIAM E. CASSADY
                **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

              s/WILLIAM E. CASSADY              
            UNITED STATES MAGISTRATE JUDGE